1 | Mitchell B. Ludwig (State Bar No. 115903)
mbl@kpclegal.com
2 | KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, 15th Floor
3 | Glendale, California 91203-1904
Telephone: (818) 547-5000
4 | Facsimile: (818) 547-5329

5 | Attorneys for Defendant
GCS/LES, LLC, f/k/a Glendale Career Schools, Inc.

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | In re                                  ) Case No.        2:09-bk-44228-AA

12 | Fey 240 North Brand LLC,                ) Chapter 11

13 |     Debtor.          ) Date:          November 10, 2010
                                            ) Time:                  10:30 a.m.
14 | _____        ) Dept:           Courtroom 1375
                                            ) 255 E. Temple Street, 13th Floor
15 | Fey 240 North Brand LLC,                ) Los Angeles, CA

16 |     Plaintiffs,      )
                                            )
17 |     v.              ) ADV. NO. 2:10-01912-AA
                                            )
18 | GCS/LES, LLC, f/k/a Glendale Career     ) NOTICE OF MOTION AND MOTION
Schools, Inc; U.S. Trustee,                 ) TO DISMISS OR FOR A MORE
                                            ) DEFINITIVE STATEMENT AS TO
19 |     Defendants.      ) THE PLAINTIFF'S ADVERSARY
                                            ) COMPLAINT; MEMORANDUM OF
20 |                                         ) POINTS AND AUTHORITIES IN
                                            ) SUPPORT THEREOF
21 |                                         ) (FRCP, Rule 12)
                                            )
22

23 | _____

24 |     TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

25 |     PLEASE TAKE NOTICE that on November 11, 2010, at 10:30 a.m., or as soon

26 | thereafter as the matter may be heard in Courtroom 1375 of the above captioned Court,

27 | Honorable Alan Ahart, presiding, located at 255 East Temple Street, Los Angeles, CA,

28 | ////

**KNAPP,
PETERSEN
& CLARKE**

-1-

1  Defendant GCS/LES, LLC, f/k/a Glendale Career Schools, Inc. ("Glendale") will move for

2  an order dismissing the Complaint filed by Plaintiff Fey 240 North Brand LLC ("Debtor").

3         The requested dismissal is sought under 11 U.S.C. § 105(a), Federal Rules of

4  Bankruptcy Procedure, Rules 7012 and 7041 and Federal Rule of Civil Procedure, Rule

5  12(b).  Dismissal is sought because the Complaint fails to state a claim upon which relief

6  can be granted.

7         Alternatively, Glendale requests an order requiring a more definitive statement of the

8  Complaint, pursuant to Federal Rule of Civil Procedure, Rule 12(e).

9         PLEASE TAKE FURTHER NOTICE that any party wishing to oppose the subject

10  motion must do so in writing pursuant to the requirements of Local Bankruptcy Rule 9013-

11  1(a)(7), which objection must be in writing, filed with the Court, and served upon the

12  Moving Party at the address set forth above, and the Office of the United States Trustee not

13  later than (14) days prior to the hearing on this Motion, at the addresses set on the attached

14  proof of service.

15         Any party failing to so object in a timely fashion may be deemed by the Court to

16  have consented to the granting of the subject motion.

17  Dated:  October 14, 2010              KNAPP, PETERSEN & CLARKE

18

19

20  By: _____
    Mitchell B. Ludwig
21  Attorneys for Defendant
    GCS/LES, LLC, f/k/a Glendale Career
    Schools, Inc.

KNAPP,
PETERSEN
& CLARKE     28

-2-

881352.1  05777/00001

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

**A.    Summary of Relief Requested**

Glendale seeks dismissal of this Adversary Complaint on the basis that allegations and the Lease and Lease Amendment attached to the complaint establish that the subject adversary complaint has no merit.

The complaint alleges that Glendale, at times relevant to this action, a new tenant[1] in the Debtor's only asset, 240 North Brand Boulevard Glendale, CA ("Subject Property") is not entitled to enforce a deed of trust given to it by the Debtor or be paid on a substantial debt which the Debtor acknowledged owing to Glendale because (1) the Lease Amendment (exhibit B to the complaint) executed by the parties made the debt and enforcement of a deed of trust given by the Debtor to secure the debt, **conditioned** on the Debtor tendering possession, if ever, of the leasehold space and (2) because the leasehold space was never tendered, the debt and security are void.

As demonstrated below, the Debtor's claims are specious. The underlying lease and allegations of the complaint demonstrate that the Debtor owed Glendale in excess of $1.4 million as damages for its failure to tender the leasehold space and that it agreed, in order to avoid litigation, to secure the debt with a presently enforceable deed of trust. These facts are undisputed and are set forth in section 8 of the "Lease Amendment" which is attached as exhibit B to the complaint. The Lease Amendment was provided as an inducement to avoid the lawsuit. (See paragraph 17 of the complaint.) Enforceability of the deed of trust was not conditioned on the Debtor tendering the space. The debt was due and owing.

////

////

---

[1] The court has since permitted the Debtor to reject the lease which is the subject matter of this litigation.

KNAPP,
PETERSEN
& CLARKE

881352.1  05777/00001

1  Glendale submits that the court can dispose of the Debtor's complaint based solely

2  on its own interpretation of these documents.   Glendale therefore moves primarily for

3  dismissal on the basis that the contracts - Lease (exhibit A) and the Lease Amendment

4  (exhibit B) - demonstrate that there is no merit to the Debtor's claims for relief and that

5  Glendale is entitled to the relief sought confirming that it is a secured creditor with a debt

6  presently due and owing to it.[2]

7  **B.    Facts as Alleged and Supported by Exhibits to the Complaint**

8  Glendale entered into a Lease Agreement with Debtor (the "Lease") for new space at

9  240 North Brand Boulevard, Glendale, California (the "Subject Property") which required

10  substantial tenant improvements.   (See exhibit A to Complaint and paragraph 6A to

11  complaint).

12  In the Lease Agreement the Debtor promised to pay for any "holdover rent"[3] if they

13  could not provide possession by the date of **February 28, 2005** and a $100,000 late fee if

14  possession was not provided by **May 1, 2005**.   (See sections 9 and 11 to "Exhibit C –

15  "Landlord's Work" attached to exhibit A - Lease):

16  "If the Possession Date has not occurred on or prior to February 28, 2005,

17  Landlord shall, within ten (10) days after written demand therefore, reimburse

18  Tenant for any holdover rent premium Tenant pays to its Landlord . . . under

19  its existing lease. . . "

20  Notwithstanding, Debtor did not tender possession prior to February 28, 2005, nor

21  did it provide possession by May 1, 2005, when the $100,000 late fee (see section 11 of

22  Exhibit C to the Lease) became immediately due.   (See Complaint, paragraphs 1-22).

23  The Subject Property has never been tendered to Glendale as required under the

24  Lease. (See Complaint, paragraph 20.)

25  ───────────────────

26  [2] Prior to filing the instant petition, the Debtor filed a similar lawsuit in state court.  A trial date was set but stayed by this filing.

27  [3] "Holdover Rent" is additional rent a tenant has to pay an existing landlord when the tenant continues to occupy the rental space after their lease expires.  Glendale had to pay its former landlord this holdover rent since the new space with the Debtor was not available.

KNAPP,
PETERSEN
& CLARKE  28

-4-

881352.1  05777/00001

1    As alleged in paragraph 17 of the complaint, Glendale threatened litigation.

2    Consequently, on May 15, 2007, (more than two years after the February 28, 2005

3    deadline) Debtor and Glendale entered into a **Lease Amendment**.

4    In the Lease Amendment, Debtor *acknowledged its current monetary obligations* to

5    Glendale as a result of the breaches indicated above and further agreed to, *inter alia*,

6    diligently complete construction of the tenant improvements such that Glendale could take

7    possession of the subject premises by no later than **August 30, 2007**.  (See exhibit B, page

8    3, section 8 (c)):

9        "With respect to Paragraph 9 of Exhibit "C" of the Lease, [Debtor] and

10       [Glendale] acknowledge that through January, 2007 a total of $1,295,626.11

11       of the holdover rent has been paid to the [old landlord for Glendale] of which

12       $56,331.57 has been reimbursed by [Debtor] to [Glendale], **leaving a total**

13       **balance <u>due</u> from [Debtor] to [Glendale]** of $1,239,294.53."

14   Debtor agreed to secure its present monetary obligation to Glendale with a deed of trust in

15   second position.  (See section 8(c)(iv), page 4 of exhibit B to the complaint):

16       "As security for the sums due from [Debtor] to [Glendale] described in this

17       Paragraph 8(c), [Debtor] . . . shall provide [Glendale] with a second deed of

18       trust on the Project securing such obligations . . ."

19   Section 8 of the Lease Amendment primarily discusses Glendale's option (but not

20   their sole remedy) for repayment of this obligation which continued to accrue, **if possession**

21   **was finally tendered.**   In such case, Glendale could offset the monetary obligation on a

22   prorated monthly basis capped by an agreed amount against rent due.  (If this were the sole

23   remedy, the deed of trust would be irrelevant since there was more than enough future rent

24   to offset the debt.)

25   The Debtor disingenuously contends that Glendale's only option to enforce what

26   was a presently due and owing debt was to wait for tender and then offset.  Glendale

27   contends that this is an invalid interpretation of the Lease Amendment.  Glendale was not

28   ////

**KNAPP,
PETERSEN
& CLARKE**

881352.1  05777/00001

1  limited in its remedies in the event the tender never occurred (which might never occur

2  since the Debtor controlled the tender).

3                                              **II.**

4                          **A MOTION TO DISMISS IS PROPER**

5          Pursuant to, *inter alia*, 11 U.S.C. § 105(a), Federal Rules of Bankruptcy Procedure,

6  Rules 7012 and 7041 and Federal Rule of Civil Procedure, Rule 12(b) this Court is

7  empowered to issue any order or dismissal of an adversary proceeding or contested matter

8  to enforce court rules, to prevent an abuse of process and to dispatch a frivolous claim.

9  Under the instant facts, it is appropriate for this Court to issue an order dismissing the

10  Complaint because the Complaint fails to state a claim upon which relief can be granted.

11          Pursuant to Federal Rule 12(b)(6) a motion to dismiss is proper when the complaint

12  fails to state a claim upon which relief can be granted. (*Henson v. CSC Credit Servs.* (7th

13  Cir. 1994) 29 F3d 280, 284; and *Day v. Moscow* (2nd Cir. 1992) 955 F2d 807, 811.)

14          The grounds for bringing a motion under Rule 12(b) are that the complaint fails

15  because of: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3)

16  improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to

17  state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19.

18          In this case, the complaint does not state a claim upon which relief can be granted

19  because the exhibits to the complaint contradict the allegations, and the allegations do not

20  give rise to the relief sought.  The exhibits control and therefore there is no basis for the

21  contention that Glendale's right to collect the debt and to enforce the deed of trust given to

22  it under the Lease Amendment were limited.

23                                             **III.**

24      **THE FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT MUST**

25  **BE DISMISSED AS IT FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE**

26                                         **GRANTED**

27          A cause of action for breach of contract consists of the following elements: (1) the

28  existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3)

KNAPP,
PETERSEN
& CLARKE

881352.1  05777/00001

1  defendant's breach, and (4) the resulting damages to plaintiff. (*Careau & Co. v. Security*

2  *Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1388 (1990)

3      The obligation of a plaintiff to state a cause of action requires that the factual

4  allegations of the complaint meet the elements of that particular cause of action. 4 Witkin,

5  *California Procedure* (4th Ed. 1997) Pleadings § 23. Unless a written contract is

6  ambiguous, it can speak for itself. (*Mez Industries, Inc. v. Pacific Nat. Ins. Co.*, 76 Cal.

7  App.4th 856 (1999); *Solis v. Kirkwood Resort Co.*, 94 Cal.App.4th 354 (2001).)

8      In Debtor's Complaint, Debtor alleges the existence of a Lease and a Lease

9  Amendment. Copies of both documents are attached to the Complaint as Exhibits "A" and

10  "B" respectively.

11      Debtor alleges in the Complaint that Glendale breached the Lease by failing to

12  secure necessary City approval for parking. However, the Lease itself, Exhibit "A" to the

13  Complaint, clearly states at Section 13 that the Debtor as Landlord was obligated to

14  cooperate and assist Glendale in securing parking. The only party obligated to do anything

15  under Section 13(a) of the Lease is the Landlord (who was obligated to cooperate and

16  assist). The provision goes on to discuss the parties' obligations with respect to the costs of

17  parking--the Lease indicates that Glendale, the Tenant, was obligated to secure a contract

18  for the right to use the parking spaces (no mention is made of permits), and

19  Landlord/Debtor is obligated to reimburse Glendale/Tenant for a share of the fees Glendale

20  was to pay to the City for parking.

21      Section 3 of Exhibit C to the Lease provides that all "permits required for

22  Landlord's Work shall be obtained by Landlord." This is clear, unambiguous language that

23  obligates the Landlord/Debtor to obtain all necessary permits and approvals. Section 7 of

24  Exhibit C to the Lease provides that the Landlord/Debtor will notify the Tenant/Glendale if

25  the Landlord is unable to obtain permits. There is no allegation that such notification was

26  sent, nor was it ever sent.

27      Therefore, the true wording of the Lease is directly opposed to what the Debtor

28  alleges in its Complaint. The Lease speaks for itself. Glendale did not violate the terms of

KNAPP,
PETERSEN
& CLARKE

-7-

881352.1  05777/00001

1  the Lease.  Therefore, Glendale's motion to dismiss should be granted as to the breach of

2  contract claim as, in viewing the unambiguous language of the Lease and Lease Agreement,

3  there was no breach.

## IV.

## THE SECOND CLAIM FOR RELIEF FOR MITIGATION OF DAMAGES MUST BE DISMISSED AS IT FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED

8  A person injured by the wrongful act of another is bound to exercise reasonable care

9  and diligence to avoid loss or minimize the resulting damages and cannot recover for losses

10  which might have been prevented by reasonable efforts and expenditure on his part.

11  *Schultz v. Town of Lakeport*, 5 Cal.2d 377, 383 (1936); *Pretzer v. California Transit Co.,*

12  211 Cal. 202, 208 (1930); Rest.2d Torts, § 918, subd.(1).  The doctrine is applied in the law

13  of contracts as well (See 5 *Corbin on Contracts* (1964)).  However, mitigation is not a

14  separate claim for relief.  Mitigation is a doctrine.

15  As indicated above, Debtor entered into the Lease and the Lease Amendment.  The

16  Lease Amendment, which Debtor signed, unambiguously provides for a total amount due

17  from Debtor to Glendale for the holdover fee and late fee, plus interest.  In the Lease

18  Amendment of May 15, 2007, no mitigation of damages argument was made and the

19  admission of the amount due as stated in the Lease Amendment is inconsistent with

20  Debtor's claim of mitigation starting on June 1, 2005 in its Complaint.

## V.

## THE THIRD CLAIM FOR RELIEF FOR DETERMINATION OF EXTENT AND VALIDITY OF LIEN MUST BE DISMISSED FOR FAILURE TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED

25  As indicated, enforcement of the debt provided by the Lease and confirmed in the

26  Lease Amendment as well as the security therefore, are not contingent on the Debtor's

27  tender of possession.  The Lease Amendment is clear in section 8 (c):

28  "With respect to Paragraph 9 of Exhibit "C" of the Lease, [Debtor] and

**KNAPP,
PETERSEN
& CLARKE**

-8-

881352.1  05777/00001

1    [Glendale] acknowledge that through January, 2007 a total of $1,295,626.11

2    of the holdover rent has been paid to the [old landlord for Glendale] of which

3    $56,331.57 has been reimbursed by [Debtor] to [Glendale], **leaving a total**

4    **balance <u>due</u> from [Debtor] to [Glendale]** of $1,239,294.53.. . . As of

5    February 1, 2007, the total amount due for the holdover fee, and the late fee,

6    plus interest thereon as provided above, is $1,428,999.41."

7    This amount was due.  It was not contingent on tender of possession.  Furthermore, section

8    8(c) does not in any way limit Glendale's right to enforce the deed of trust provided for

9    therein as security.

10    Furthermore, this claim for relief is unintelligible.  Debtor states that Glendale's

11    Deed of Trust on the Subject Property is not valid and enforceable because the "condition

12    precedent" to the enforcement of the Deed of Trust did not occur.  The only other allegation

13    concerning the Deed of Trust in the Complaint which is incorporated into this claim for

14    relief is at paragraph 19.  That paragraph states that Glendale was given a Deed of Trust on

15    Debtor's Subject Property to secure payment of the past due payments to Glendale,

16    "enforceable on the occurrence of certain events."  Those "certain events" are also not

17    mentioned in any detail.   Therefore, it is impossible to understand what this claim is

18    addressing.  It should be dismissed for this reason.

19    **VI.**

20    **THE FOURTH CLAIM FOR RELIEF FOR DECLARATORY RELIEF**

21    **MUST BE DISMISSED FOR FAILURE TO STATE FACTS UPON WHICH**

22    **RELIEF CAN BE GRANTED**

23    The element to a claim for declaratory relief is that plaintiffs allege "the existence of

24    an actual, present controversy" (5 Witkin, *Cal. Procedure,* Pleading, § 817, p. 273 (4[th] Ed.

25    1997).)

26    In the Fourth Claim for Relief, at paragraph 37, Debtor lists numerous statements

27    that it contends, but the only paragraph in which Debtor states that Glendale disagrees with

28    those contentions is at paragraph 38.  Paragraph 38 alleges that Defendants (Glendale)

KNAPP,
PETERSEN
& CLARKE

-9-

1  dispute the contentions as set forth in paragraph 14. Paragraph 14 states that "When

2  possession could not be delivered by May 31, 2005, GLENDALE chose not to terminate

3  the LEASE." Glendale does not dispute paragraph 14. Therefore, there is no allegation of

4  any controversy and this claim for relief should be dismissed.

5     A cause of action for declaratory relief should also involve future rights. (*County of*

6  *San Diego v. State of California* (2008) 164 Cal.App.4th 580, 607, quoting *Canova v.*

7  *Trustees of Imperial Irrigation District Employee Pension Plan* (2007) 150 Cal.App.4th

8  1487, 1497 ["'[d]eclaratory relief operates prospectively to declare future rights, rather than

9  to redress past wrongs'"].) Because declaratory relief only operates prospectively, Debtor's

10  claim for relief is without merit.

11     The Debtor describes several past events which are no longer ripe. Because

12  declaratory relief actions only operate prospectively to declare future rights, (See *County of*

13  *San Diego v. State of California* (2008) 164 Cal.App.4th 580, 607, quoting *Canova v.*

14  *Trustees of Imperial Irrigation District Employee Pension Plan* (2007) 150 Cal.App.4th

15  1487, 1497), there would be nothing further to declare vis-à-vis the parties with respect to

16  these past events which have been made moot by time and the bankruptcy. There is no

17  pending foreclosure sale. Thus, this claim should be dismissed.

18                                  **VII.**

19    **THE FIFTH CLAIM FOR RELIEF FOR QUIET TITLE MUST BE**

20  **DISMISSED FOR FAILURE TO STATE FACTS UPON WHICH RELIEF CAN BE**

21                                 **GRANTED**

22     In an ordinary action to quiet title, it is sufficient to allege in simple language that

23  the plaintiff is the owner and in possession of the land and that the defendant claims an

24  interest therein adverse to him. (*Williams v. City and County of San Francisco*, 24

25  Cal.App.2d 630, 633 (1938); *Castro v. Berry*, 79 Cal. 443-446-7, (1889).)

26     In attempting to read through the many typographical errors of this Complaint,

27  Debtor says at paragraph 43 that "GLENDALE claims it is the beneficiary under the DEED

28  OF TRUST and has the right an (*sic*) ability to foreclose on the PROPERTY, whereas

**KNAPP,
PETERSEN
& CLARKE**

-10-

881352.1  05777/00001

1   GLENDALE contends that GLENDALE has no rights or ability to foreclose on the

2   PROPERTY because GLENDALE breached the LEASE and the conditions precedent to

3   GLENDALE's right to enforce the DEED OF TRUST, the delivery of possession and the

4   commencement of the LEASE never occurred." In reading the Fifth Claim for Relief,

5   **Glendale** is claiming two contradictory things in the Complaint, not Debtor. Therefore,

6   this Claim must fail.

**VIII.**

**IF NO DISMISSAL OR STAY IS ORDERED, PLAINTIFFS MUST PROVIDE**

**A MORE DEFINITE STATEMENT OF THE CLAIMS**

10      A Rule 12(e) motion is proper where the complaint is so indefinite that the defendant

11   cannot ascertain the nature of the claim being asserted. In such cases, the defendant cannot

12   reasonably be expected to frame a proper response. (*See Famolar Inc. v. Edison Brothers*

13   *Stores, Inc.* 525 F. Supp.940, 949 (E.D. Cal. 1981); *Cellars v. Pacific Coast Packaging,*

14   *Inc.* 189 F.R.D. 575, 578 (N.D. Cal. 1999)). It is proper to require plaintiffs to plead the

15   specific duty allegedly breached. (*Kvergas v. Scottish Inns Inc.*, F.R.D. 425, 426 (E.D.

16   Tenn. 1983)).

17      The Complaint contains a number of typographical errors making it difficult to

18   determine what the Complaint is trying to say. Further, it fails to definitively state the basis

19   of Debtor's claims for mitigation of damages, determination of extent and validity of lien

20   and declaratory relief, as indicated above. Given the above, this Court should require that

21   Debtors provide a more definite statement of the claims as they relate to Glendale.

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

KNAPP,
PETERSEN
& CLARKE

881352.1  05777/00001

# IX.

## __CONCLUSION__

For the above stated reasons, this Court should grant the within motion and dismiss Debtor's Complaint or require a more definite statement as to the basis for claims alleged against Glendale.

Dated:  October 14, 2010                KNAPP, PETERSEN & CLARKE

By: _____
Mitchell B. Ludwig
Attorneys for Defendant
GCS/LES, LLC, f/k/a Glendale Career
Schools, Inc.

KNAPP,
PETERSEN
& CLARKE

-12-

881352.1  05777/00001

In re:
Fey 240 North Brand v. GCS/LES, LLC

CHAPTER: 11

Debtor(s).

CASE NUMBER: 2:10-01912-AA

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
550 N. Brand Blvd., Suite 1500, Glendale, CA 91203-1922

A true and correct copy of the foregoing document described as  Notice of Motion and Motion to Dismiss or for a More
Definitive Statement as to the Plaintiff's Adversary Complaint; Memo of Points and Authorities     will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:
Judge Alan Ahart, Ctrm 1375, 255 E. Temple St., Los Angeles, CA 90012 (via hand delivery)

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document. On April 2, 2009                I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:
United States Trustee ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On October 14, 2010                I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
John Schock, Schock & Chock, 210 Orange Grove, Ste. 200, Pasadena, CA 91105 (via U.S. mail)
Fey 240 North Brand LLC, 210 S. Orange Grove, Pasadena, CA 91105 (Via U.S. mail)
☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on                              I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 14, 2010 | Kathy Szabados | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

American LegalNet, Inc.
www.FormsWorkflow.com