SCHOCK & SCHOCK, alc.
210 So. Orange Grove Blvd. Suite 200
Pasadena, CA 91105
626-298-6446
fax 626-298-6447
[bar no. 48632, 52781]

Attorney for Debtor

```
FILED

NOV 0 3 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                      Deputy Clerk
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>FEY 240 NORTH BRAND, LLC, a California Limited Liability Company;<br><br>       Debtor<br><br>―――――――――――――――<br><br>Fey 240 North Brand, LLC<br><br>       Plaintiff<br><br>v.<br><br>GCS/LES, LLC, f/k/a Glendale Career Schools, Inc; U.S. Trustee.<br><br>       Defendants | Bankruptcy No. LA 2:09-bk-44228-AA<br><br>Adv. No. 2:10-01912-AA<br><br>Chapter 11<br><br>STIPULATION TO CONTINUE HEARING ON MOTION TO DISMISS OR FOR MORE DEFINITIVE STATEMENT AS TO PLAINTIFF'S ADVERSARY COMPLAINT<br><br>[No hearing required] |

TO THE COURT:

IT IS HEREBY STIPULATED by Fey 240 North Brand, LLC, hereinafter referred to as "Fey 240", through its attorney John P. Schock of Schock & Schock, alc.; and GCS/LES, LLC, f/k/a Glendale Career School, Inc., hereafter GCS/LES through its

1

STIPULATION TO CONTINUE HEARING ON MOTION TO DISMISS OR FOR MORE DEFINITIVE STATEMENT AS TO PLAINTIFF'S ADVERSARY COMPLAINT

attorney Mitch B. Ludwig of Knapp Peterson & Clarke as follows:

1. This matter was filed on or about May 26, 2010, where Fey 240 objected to GCS/LES's claim to be a secured creditor and to the amount of the GCS/LES Claim.

2. GCS/LES is the third trust deed holder on the debtors property.

3. The court recently continued the hearing of Citizens Business Bank's Motion for Relief from Stay to December 8, 2010.

3. The court recently continued the hearing on the Third Amended Disclosure Statement, to November  2010.

4. The parties are discussing settlement of the matter.

5. This matter as it involves a junior Deed of trust would be rendered moot if the debtor is unable to propose a plan and or if Citizens Business Bank secures Relief from the Automatic Stay.

6. Accordingly, the parties hereby propose and agree, subject to the Courts Approval that the GCS/LES' Motion be continued, with the courts approval, to December 15, 2010, at 10:30 a.m. .

Schock & Schock, ALC.

By:_____

John P. Schock

Attorneys for Fey 240

North Brand, LLC

Knapp Peterson & Clarke

by:_____

Mitchell B. Ludwig

GCS/LES, f/k/a Glendale Career Schools Inc.

2

STIPULATION TO CONTINUE HEARING ON MOTION TO DISMISS OR FOR MORE DEFINITIVE STATEMENT AS TO PLAINTIFF'S ADVERSARY COMPLAINT

1    attorney Mitch B. Ludwig of Knapp Peterson & Clarke as follows:

2        1. This matter was filed on or about May 26, 2010, where
3    Fey 240 objected to GCS/LES's claim to be a secured creditor and
4    to the amount of the GCS/LES Claim.

5        2. GCS/LES is the third trust deed holder on the debtors
6    property.

7        3. The court recently continued the hearing of Citizens
8    Business Bank's Motion for Relief from Stay to December 8, 2010.

9        3. The court recently continued the hearing on the Third
10   Amended Disclosure Statement, to December 1, 2010.

11       4. The parties are discussing settlement of the matter.

12       5. This matter as it involves a junior Deed of trust would
13   be rendered moot if the debtor is unable to propose a plan and
14   or if Citizens Business Bank secures Relief from the Automatic
15   Stay.

16       6. Accordingly, the parties hereby propose and agree,
17   subject to the Courts Approval that the GCS/LES' Motion be
18   continued, with the courts approval, to December 15, 2010, at
19   10:30 a.m. .

20   Schock & Schock, ALC.                     Knapp Peterson & Clarke
     By:_____                      by:_____
21   John P. Schock                            Mitch B. Ludwig
     Attorneys for Fey 240                     GCS/LES, F/k/a Glendale
22   North Brand, LLC                          Career Schools Inc.

23

24

25

26

27

28

                                    2

STIPULATION TO CONTINUE HEARING ON MOTION TO DISMISS OR FOR MORE
DEFINITIVE STATEMENT AS TO PLAINTIFF'S ADVERSARY COMPLAINT